Oppermann vs. Waterman and another.

OPPERMANN, Respondent, vs. WATERMAN and another, Appellants.

*November 28 — December 15, 1896.*

*Trade-marks: Imitation of labels and packages: Fraud: Injunctional order: Failure to require undertaking: Refusal to vacate.*

1. A close imitation of the plaintiff's labels and style of package, which is obviously calculated to deceive the public into the belief that the imitation is in fact the original, is a fraud, and when it appears that damage has or must necessarily result from such imitation, the plaintiff will be entitled to relief upon the ground of fraud, independently of the question of trade-marks.

[2. Whether the words "German Household," or either of them, can be appropriated as a trade-mark, not determined.]

3. The failure to require or give an undertaking upon the making of an injunctional order, as required by sec. 2778, R. S., is an irregularity merely, and does not render a refusal to vacate the order erroneous, unless the motion was based upon that ground.

APPEAL from an order of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Affirmed.*

This is an appeal from an order refusing to dissolve a temporary injunctional order theretofore granted. It appeared by the complaint and affidavits in support thereof that the plaintiff has been engaged at Milwaukee in selling household dyes manufactured by Hoitmann Bros., in Cologne, Germany, since the year 1892, and that since May, 1893, he has sold such dyes under the label "German Household Dyes," in small, rectangular paper packages, with peculiar and distinctive labels printed in ink corresponding with the color of the inclosed dye; and that he has built up a large and valuable business at considerable expense. It further appeared that in March, 1895, the defendants commenced to sell in Milwaukee, and generally to the trade, dyes manufactured by Berndt & Co., of Berlin, Germany, which were put up and sold in packages identical in size, and closely resembling in appearance and color, the packages of the plaintiff, under the name "Excellent German Household Dyes." There was proof that these packages had actually deceived the trade, and injured the plaintiff's business, and that the defendants had intentionally led purchasers to believe that their dyes were in fact the same as those sold by plaintiff. Upon this showing, and upon notice, the circuit court made an order, of which the important part is as follows: "It is ordered that the said defendants, *Leonard Waterman* and the *European Importing Agency*, and their officers, agents, servants, and employees, do absolutely desist and refrain from in any way using the label 'German Household Dyes' as a designation for dyes, or upon packages containing dyes, or in circulars or advertisements of the same, and from in any way imitating or counterfeiting the distinctive features and *indicia* of the plaintiff's said packages, and from selling any dyes in packages which are in any way in imitation of those used by the plaintiff, and from in any

way representing to the public, or causing them to believe, that such dyes are of the same origin as those offered for sale and sold by the plaintiff, pending the final hearing and determination of this action or the further order of this court therein." Afterwards the defendants made answer, and upon the answer and a large number of affidavits moved to dissolve the injunctional order, which motion was denied.

*W. C. Williams,* for the appellants.

For the respondent there was a brief by *Erwin, Wheeler & Wheeler,* and oral argument by *L. C. Wheeler.* They argued, among other things, that where it clearly appears that defendants have closely imitated plaintiff's labels, patterns, and style, and have done obvious damage to his business, from the business methods employed, plaintiff is entitled to relief on the ground of fraud, independently of his trade-mark. *Cleveland Stone Co. v. Wallace,* 52 Fed. Rep. 431; *Anheuser-Busch Brewing Asso. v. Clarke,* Cox, Man. Trade-Mark Cas. 456; *Leclanche Battery Co. v. Western Electric Co.* 23 Fed. Rep. 276; *American Brewing Co. v. St. Louis Brewing Co.* 47 Mo. App. 14; *Southern White Lead Co. v. Cary,* 25 Fed. Rep. 125; *Pillsbury v. Pillsbury-Washburn Flour Mills Co.* 64 id. 841; *Wellman & D. Tobacco Co. v. Ware Tobacco Works,* 46 id. 289. In such a case a preliminary injunction will issue. See cases cited above; also, *Moxie Nerve Food v. Beach,* 33 Fed. Rep. 248; *Gray v. Taper-Sleeve Pulley Works,* 16 id. 436. Persons have been enjoined from even using their own names in their labels and advertisements, where such use is calculated to deceive purchasers and cause them to believe they are purchasing the goods of another person of the same name, who had established his business at a prior date. *Pillsbury v. Pillsbury-Washburn Flour Mills Co.* 64 Fed. Rep. 841; *Landreth v. Landreth,* 22 id. 41; *C. F. Simmons Medicine Co. v. Mansfield Drug Co.* 93 Tenn. 84; *Holloway v. Holloway,* 13 Beav. 209, Cox, Man. of Trade-Mark Cas. No. 106; *McLean v. Fleming,* 96 U. S. 245.

WINSLOW, J.   It may well be seriously doubted whether the words " German Household," or either of them, can be appropriated as a trade-mark by the plaintiff.   The word " German " would seem, under the facts before the court, to have been used in a merely geographical sense, as indicating the country where the dyes were manufactured; and the word " Household," in the same way, seems to denote quality or character of the dyes.   Browne, Trade-Marks (2d ed.), §§ 29, 192; *Dunbar v. Glenn*, 42 Wis. 118.   We do not decide these questions, however, because we do not construe the injunctional order as absolutely inhibiting the *use* of these words, but as simply preventing the defendants from using them in such manner upon their packages, labels, and circulars as will, in connection with other similarities in labels and style of package, amount to a fraudulent imitation, and be likely to deceive purchasers into the belief that the defendants' dyes are in fact the same as those sold by the plaintiff.   With this construction, which we believe to be a fair one, the case becomes, not a case of invasion of a trade-mark, but rather a case of unfair competition in trade by means of a simulated label and style of package.

It is well settled that a close imitation of the plaintiff's labels and style of package, which is obviously calculated to deceive the public into the belief that the imitation is in fact the original, is a fraud; and where it appears that damage has or must necessarily result from such imitation the plaintiff will be entitled to relief upon the ground of fraud, independently of the question of trade-marks.   *Cleveland Stone Co. v. Wallace*, 52 Fed. Rep. 431; Browne, Trade-Marks (2d ed.), § 537 *et seq.; McLean v. Fleming*, 96 U. S. 254; *Landreth v. Landreth*, 22 Fed. Rep. 41.   There was ample evidence before the trial court tending strongly to show that this was just such a case.   It seems quite clear that the plaintiff first used the label and style of package.   The size, shape, and general appearance of the packages and labels

are almost identical; colors of ink used the same; the arrangement of the printed matter very similar; in fact, there was a very apparent and close imitation, which would evidently be very apt to mislead the ordinary purchaser, and actual proof of such deception upon the trade was produced. The trial judge, in the exercise of his discretion, very properly granted the temporary injunctional order, and no sufficient ground for vacating the order was shown.

It is objected that no undertaking was ordered or given upon the making of the injunctional order, as required by sec. 2778, R. S. It is probably sufficient to say that no motion to vacate on this ground was ever made. Rule XI of the Circuit Court Rules provides that, if a motion is made for relief upon the ground of irregularity, the irregularity complained of shall be particularly specified. The failure to require an undertaking was plainly an irregularity only; it did not affect the jurisdiction. Doubtless the trial court may make an order requiring the undertaking at any time when the matter is brought to its attention.

*By the Court.*— Order affirmed.